UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 16-20051
                             Honorable Mark A. Goldsmith

v.

JAMES MARTIN MARSCHNER,

        Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO REVIEW PSYCHOLOGICAL EVALUATION AND EASTWOOD CLINIC INITIAL ASSESSMENT**

On February 3, 2017, the Government filed a motion to review the psychological evaluation and Eastwood Clinic Initial Assessment of Defendant James Marschner, asserting this information is needed "[i]n order for the Government to effectively make argument at sentencing, and in order to craft an informed sentencing recommendation…" Defendant opposes the Government's motion.

The Sixth Circuit has long recognized a psychotherapist-patient privilege (see *In Re Zuniga*, 714 F.2d 632, 639 (6th Cir. 1983), accord *United States v. Hayes*, 227 F.3d 578, 581 (6th Cir. 2000)("A psychotherapist/patient evidentiary privilege has been well established in the Sixth Circuit for some time.")

The federal courts look to applicable state law on privilege when it exists. Therefore, the privilege law of the State of Michigan is controlling. *In Re Zuniga, supra*, at 638-39. The records the Government seeks in this case are privileged under Michigan's statutory psychologist-patient privilege, M.C.L. §330.1750. The psychologist-patient privilege establishes an evidentiary privilege in court proceedings unless the patient has waived the privilege. The few exceptions provided by the statute include when the communication is relevant to a condition the patient has introduced as an element of a claim, and when a malpractice action is brought against the treating psychologist. The privilege extends not just to the communications made in the course of treatment, but to the fact of treatment as well. *People v. Stanaway*, 446 Mich. 643, 660, 521 N.W.2d 557, 566 (1994).

The goal of therapy is to effectively treat any psychological issues a defendant may have. If a defendant is to feel free to openly and honestly engage in therapy with the treatment provider, he cannot fear that everything he says will be open to the public.

Defendant Marschner cannot be claimed to have waived the privilege when the USPO included a summary of the records in the Presentence Investigation Report. Therefore, the Government is barred from receiving or reviewing any records from Eastwood Clinic. Accordingly, the Government's motion should be denied.

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

s/Stacey M. Studnicki
Attorney for James Marschner
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542
Stacey_studnicki@fd.org

Dated: February 6, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2017, I electronically filed Defendant's Response in Opposition to Government's Motion to Review Psychological Evaluation and Eastwood Clinic Initial Assessment with the Clerk of the Court for the Eastern District of Michigan, using the ECF system, which will send notification of such filing to the following via electronic mail:

>April Russo
>U.S. Attorney's Office
>211 W. Fort Street, Suite 2001
>Detroit, MI 48226

and:

>Kim Crova
>U.S. Probation Officer

>/s/ *Stacey M. Studnicki*
>Federal Defender Office